UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 7225**

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND,

         Plaintiffs,

-against-

GYPSUM FLOORS OF NEW YORK, INC. and NEW YORK GYPSUM FLOORS, INC.

         Defendants.

13 CV _____

**COMPLAINT**



  Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

### NATURE OF THE ACTION

  1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and other applicable law, to collect delinquent employer contributions to a group of employee benefit plans, and for related relief.

### JURISDICTION AND VENUE

  2. This Court has subject matter jurisdiction over this action pursuant to section 502(e)(1) and (f) of ERISA, 29 U.S.C. § 1132(e)(1) and (f); section 301 of the LMRA, 29 U.S.C. § 185; and 28 U.S.C. § 1331. This court has supplemental jurisdiction

under 28 U.S.C. § 1367 over any claims set forth herein that are determined to be governed by state law.

3.  Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4.  Plaintiffs Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5.  Defendant Gypsum Floors of New York, Inc. ("GFNY") is a corporation organized under the laws of the State of New York. At relevant times, GFNY has been engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. At relevant times, GFNY has maintained its principal place of business at 2 Madison Aveune, Suite 211, Larchmont, New York 10538.

6.  Defendant New York Gypsum Floors, Inc. ("NYGF") is a corporation organized under the laws of the State of New York. At relevant times, NYGF has been engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been an employer in an industry affecting commerce within the

meaning of section 301 of the LMRA, 29 U.S.C. § 185. At relevant times, NYGF has maintained its principal place of business at 2 Madison Aveune, Suite 211, Larchmont, New York 10538.

## THE COLLECTIVE BARGAINING AGREEMENT

7. At relevant times, GFNY was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Agreement") with the New York City District Council of Carpenters, formerly known as the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO (the "Union"). The Union is, and at relevant times was, a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and at relevant times was the certified bargaining representative for certain employees of GFNY.

8. The Agreement required GFNY to make specified hourly contributions to the Funds (and to certain smaller entities on behalf of which they serve as collection agent) in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

## THE RELATIONSHIP BETWEEN THE COMPANIES

9. At relevant times, GFNY and NYGF had substantially identical management, business purpose, operation, equipment, customers, supervision and/or ownership.

10. At relevant times, Stephen Phillips owned and managed both GFNY and NYGF.

11. At relevant times, GFNY and NYGF were headquartered at the same location.

12. At relevant times, both GFNY and NYGF were in the business of selling and installing gypsum floors.

13. At relevant times, GFNY and NYGF routinely transferred employees between the two companies.

14. At relevant times, GFNY transferred assets to NYGF to reimburse NYGF for its payroll costs.

15. At relevant times, NYGF was the alter ego of GFNY.

16. At relevant times, GFNY and NYGF acted as a single integrated enterprise.

17. There was never an arm's length relationship between GFNY and NYGF.

18. As alter egos and a single employer, GFNY and NYGF are jointly and severally liable for all amounts owed to the Funds in connection with all Covered Work performed on behalf of both companies.

## CLAIM FOR RELIEF

19. Plaintiffs repeat the allegations set forth in paragraphs 1 through 18 above and incorporate them herein by reference.

20. An audit of Defendants' books and records found that, in connection with Covered Work performed from March 6, 2005 through February 8, 2007, Defendants failed to make required contributions to the Funds in the principal amount of $3,535.03. Defendants subsequently paid $3,086.31 to the Funds, leaving an unpaid balance in the principal amount of $448.72.

21. An audit of Defendants' books and records found that, in connection with Covered Work performed from February 9, 2007 through December 27, 2008, Defendants failed to make required contributions to the Funds in the principal amount of $264,552.63.

22. In connection with Covered Work performed from December 27, 2008 through the present, Defendants have failed to make required contributions to the Funds in an amount to be determined at trial.

23. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

24. Defendants contravened both the Agreement and section 515 of ERISA by their failure to make contributions to the Funds for the period March 6, 2005 through December 27, 2008 in the amount of $265,001.35, and for the period December 28, 2008 through the present in an amount to be determined at trial (collectively, the "Unpaid Contributions").

25. Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Agreement and/or the documents and instruments governing the Funds, Defendants are jointly and severally liable to the Funds for the principal amount of Unpaid Contributions; interest calculated at 200 basis points above the Citibank prime rate; liquidated damages equal to the foregoing amount of interest or 20% of the principal amount of Unpaid Contributions, whichever is greater; all reasonable fees incurred by the Funds in

conducting audits of Defendants' books and records; and all reasonable attorneys' fees, expenses, and costs incurred by the Funds in prosecuting this suit.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against Defendants, jointly and severally, for:

    (a) the Unpaid Contributions;

    (b) Interest on the Unpaid Contributions at the rate of 200 basis points above the Citibank prime rate;

    (c) Liquidated damages equal to the foregoing amount of interest;

    (d) All fees incurred by Plaintiffs in auditing Defendants' books and records; and

    (e) All reasonable attorneys' fees, expenses, and costs that Plaintiffs incur in prosecuting this suit; and

(2) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York  
       October 10, 2013

Respectfully submitted,

VIRGINIA & AMBINDER, LLP

By: _/s/ Marc Tenenbaum_  
Marc A. Tenenbaum  
111 Broadway, Suite 1403  
New York, New York 10006  
(212) 943-9080

*Attorneys for Plaintiffs*